**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ROBIN VARGAS**<br>4022 Fairview Drive<br>Toledo, Ohio 43612 | *<br><br>* | Case No.<br><br>Judge |
| Plaintiff,<br>v. | * <br>* | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **NEIGHBORHOOD HEALTH ASSOCIATION OF TOLEDO, INC.**<br>313 Jefferson Ave<br>Toledo, Ohio 43604<br><br>Defendant. | *<br><br>*<br><br>*<br><br>*<br><br>* | Francis J. Landry (0006072)<br>Katherine A. Pawlak Macek (0086885)<br>**WASSERMAN, BRYAN, LANDRY<br> & HONOLD, LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Email:  FLandry308@aol.com<br>         kmacek@wblhlaw.com<br>Attorneys for Plaintiff<br>Robin Vargas |

\* \* \* \* \* \* \* \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 U.S.C. 621 et seq., known as the Age Discrimination in Employment Act. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful denial of promotion and constructive discharge of employment. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the basis of age and race, charge

1

number 22A-2022-03787C/TOLA2(41604)07232022, attached hereto as Exhibit A, and incorporated by reference as if fully restated herein. On May 5, 2023, the District Director of the EEOC notified Plaintiff of her right to sue in an appropriate federal court within 90 days of her receipt of the notice, a copy of which is attached hereto as Exhibit B. This Court's supplemental jurisdiction is also invoked over a state law claim of age, and race discrimination. On March 9, 2023, the Ohio Civil Rights Commission notified Plaintiff of her right to file suit in an appropriate court, attached hereto as Exhibit C.

## PARTIES

2. Plaintiff, Robin Vargas, is a sixty-eight year old, Caucasian citizen of the United States, and a resident of the City of Toledo, State of Ohio, who was employed by Defendant from 2016 until her termination on December 17, 2021. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment Act, the Civil Rights Act, and the Ohio Revised Code Chapter 4112.

3. Defendant is a corporation organized under Ohio law with a place of business in the City of Toledo, State of Ohio. At all times material hereto, Defendant at all times had more than twenty (20) employees and was also an employer within the meaning of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the Ohio Revised Code Chapter 4112.

## NATURE OF THE CASE

4. Plaintiff brings this action for damages for an unlawful discharge of her employment. Plaintiff alleges that in terminating her, the Defendant did so in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the Ohio Revised Code Chapter 4112.

## GENERAL ALLEGATIONS

5. Plaintiff was employed with Defendant from 2016 until her termination on December 17, 2021.

6. During her employment, Plaintiff held the position of Greeter/Receptionist.

7. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

8. When hired, Plaintiff was hired for the specific building she was employed in throughout her tenure of employment with Defendant. While there are two other employees in the company with the same title, they work in different buildings with different job responsibilities.

9. Plaintiff was trained for her position when hired, and performed her job exactly according to her training. She was not retrained at any time, or given any instructions on new procedures to follow.

10. Plaintiff was written up at the end of her employment with Defendant. Her first write up was for a patient who complained Plaintiff was rude. Plaintiff tried to explain to Defendant that the patient was agitated when she came in, and thus that was the reason the patient was upset with NHA, but they would not listen because of prior experience with a different employee.

11. The second write up received by Plaintiff occurred because a patient wanted a copy of her medical records the same day. Plaintiff explained that she would need to wait per policy, because the records were located at a different building because the building was closed to the public. The patient instead went to the other building which housed the medical records, and complained when she still could not obtain the records the same day.

12. The third write up resulted after Plaintiff instructed a homeless patient to walk around the building to enter the walk-in clinic, which was policy throughout Plaintiff's tenure with Defendant.

A manager saw the interaction and told Plaintiff to call her instead if a homeless person came that day, and she would walk them through the building, as she was not busy after that day. This was not policy.

13. The following day Plaintiff was terminated for not "thinking outside the box." However, Plaintiff was following Defendant's policies. Defendant did not follow its own policies, as she should have received a verbal warning, followed by a written warning, and then a suspension. Instead, Plaintiff was called into a meeting, written up, and fired all at once.

## FIRST CLAIM FOR RELIEF
## ADEA--29 U.S.C. Sections 621 et seq.

14. Plaintiff incorporates each and every allegation contained in paragraph one (1) through thirteen (13) by reference in its entirety as if fully restated herein.

15. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as she was sixty-six (66) years of age at the time of her termination.

16. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

17. Plaintiff was terminated allegedly for not thinking outside the box.

18. The reasons for Plaintiff's termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

19. Plaintiff states that Defendant did not follow its own policies, as she should have received a verbal warning, followed by a written warning, and then a suspension. Instead, Plaintiff was called into a meeting, written up, and fired all at once. This occurred because of her age.

20. Plaintiff states that similarly situated substantially younger employees have been more favorably treated, and were not terminated over the same issues for which Plaintiff was terminated.

Defendant followed its policies for younger employees, did not write them up over the issues for which Plaintiff was written up, and were not terminated for the reasons Plaintiff was allegedly terminated.

21. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of age in violation of 29 U.S.C. §621 et seq.

22. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Age Discrimination

23. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-two (22) of this Complaint, supra, by reference in its entirety as if fully restated herein.

24. Plaintiff was in the age group protected by 4112.02. as she was sixty-six (66) years of age at the time of her termination.

25. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

26. Plaintiff was terminated allegedly for not thinking outside the box.

27. The reasons for Plaintiff's termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

28. Plaintiff states that Defendant did not follow its own policies, as she should have received a verbal warning, followed by a written warning, and then a suspension. Instead, Plaintiff was called into a meeting, written up, and fired all at once. This occurred because of her age.

29. Plaintiff states that similarly situated substantially younger employees have been more favorably treated, and were not terminated over the same issues for which Plaintiff was terminated. Defendant followed its policies for younger employees, did not write them up over the issues for which Plaintiff was written up, and were not terminated for the reasons Plaintiff was allegedly terminated.

30. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of age in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

31. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Title VII, Civil Rights Act, Race Discrimination**

32. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-one (31) of this Complaint, supra, by reference in its entirety as if fully restated herein.

33. Plaintiff is a Caucasian individual and was employed by Defendant.

34. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

35. Plaintiff was terminated allegedly for not thinking outside the box.

27. The reasons for Plaintiff's termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

28. Plaintiff states that Defendant did not follow its own policies, as she should have received a verbal warning, followed by a written warning, and then a suspension. Instead, Plaintiff was called into a meeting, written up, and fired all at once. This occurred because of her race.

38. Plaintiff states that non-Caucasian employees have been more favorably treated, and were not terminated over the same issues for which Plaintiff was terminated. Defendant followed its policies for non-Caucasian employees, did not write them up over the issues for which Plaintiff was written up, and were not terminated for the reasons Plaintiff was allegedly terminated. Furthermore, Defendant is the unusual employer who favors the minority as it is run by African-American individuals.

39. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of national origin in violation of 42 U.S.C. Section 2000e et seq.

40. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**Ohio Revised Code Section 4112.02, Race Discrimination**

41. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty 940) of this Complaint, supra, by reference in its entirety as if fully restated herein.

42. Plaintiff is a Caucasian individual and was employed by Defendant.

43. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

44. Plaintiff was terminated allegedly for not thinking outside the box.

45. The reasons for Plaintiff's termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

46. Plaintiff states that Defendant did not follow its own policies, as she should have received a verbal warning, followed by a written warning, and then a suspension. Instead, Plaintiff was called into a meeting, written up, and fired all at once. This occurred because of her race.

47. Plaintiff states that non-Caucasian employees have been more favorably treated, and were not terminated over the same issues for which Plaintiff was terminated. Defendant followed its policies for non-Caucasian employees, did not write them up over the issues for which Plaintiff was written up, and were not terminated for the reasons Plaintiff was allegedly terminated. Furthermore, Defendant is the unusual employer who favors the minority as it is run by African-American individuals.

48. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of national origin in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

49. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position together with lost back pay seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, and interest. Plaintiff

also seeks an amount of liquidated damages equal to her damages and costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

    Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**
s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Robin Vargas

## JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

s/Francis J. Landry
Francis J. Landry